824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JACKSON JORDAN, INC., Appellant,
v.
PLASSER AMERICAN CORPORATION, Appellee.
 Appeal No. 86-1118.
 United States Court of Appeals, Federal Circuit.
 April 23, 1987.
 
 Before RICH, SMITH and NIES, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Jackson Jordan, Inc. seeks review of the Order of the United States District Court for the Eastern District of Virginia, Norfolk Division, Civil Action No. 82-825-N, holding claims 1 and 2 of U.S. Patent No. 3,494,297 ('297), assigned to Plasser American Corp., valid, not unenforceable, and infringed by Jackson. We affirm.
 
 DISCUSSION
 
 2
 The '297 patent relates to a combined track lifting and tamping lining machine for maintaining the orientation of railroad tracks. Jackson filed a declaratory judgment action against Plasser, alleging invalidity and noninfringement of the '297 patent. That action was consolidated with a second suit in which Jackson alleged that Plasser had violated the antitrust laws by fraudulently obtaining the '297 patent from the U.S. Patent and Trademark Office (PTO). Plasser counterclaimed alleging that various Jackson machines infringed its patent. The district court held claims 1 and 2 of the patent invalid under 35 U.S.C. Sec. 102(b) based upon the proposition that Plasser was collaterally estopped from arguing for a claim interpretation different from that asserted in a previous litigation, Plasser American Corp. v. Canron, Inc., 546 F.Supp. 589, 217 USPQ 823 (D.S.C.1980). Jackson Jordan, Inc. v. Plasser Am. Corp., 219 USPQ 922, 931 (E.D.Va.1983). The court dismissed Jackson's antitrust claim, holding that Jackson had failed to demonstrate that Plasser engaged in fraud before the PTO during the prosecution of the '297 patent. 219 USPQ at 936. This court reversed the holding as to collateral estoppel, vacated the holding of invalidity, and remanded the case for further action, but affirmed the judgment in all other respects. Jackson Jordan, Inc. v. Plasser Am. Corp., 747 F.2d 1567, 224 USPQ 1 (Fed.Cir.1984).
 
 
 3
 On remand the district court determined that: (1) claims 1 and 2 of the '297 patent are not anticipated under 35 U.S.C. Sec. 102 and (2) would not have been obvious under 35 U.S.C. Sec. 103; (3) Plasser did not fail to comply with the best mode requirement of 35 U.S.C. Sec. 112, (4) Plasser did not engage in inequitable conduct during the prosecution of its patent; and (5) various Jackson machines infringe claims 1 and 2.
 
 
 4
 As a preliminary matter, we feel compelled to remind Jackson of the requisite burden of proof and standard of review in this case, which it apparently has ignored. Every patent claim is presumed to be valid. 35 U.S.C. Sec. 282 (1982); American Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 1360, 220 USPQ 763, 771 (Fed.Cir.), cert. denied, 105 S.Ct. 95 (1984). The party attacking validity can overcome that presumption only by presenting "clear and convincing" evidence establishing facts which lead to a finding or conclusion of invalidity. RCA Corp. v. Applied Digital Data Sys., Inc., 730 F.2d 1440, 1444, 221 USPQ 385, 387 (Fed.Cir.), cert. dismissed, 468 U.S. 1228 (1984); American Hoist, 725 F.2d at 1360, 220 USPQ at 771. To prevail on appeal, Jackson must convince this court that the district court's fact findings are clearly erroneous, see Fed.R.Civ.P. 52(a), or that the court's legal conclusions are incorrect as a matter of law, or both. See Atlas Powder Co. v. E.I. Dupont de Nemours & Co., 750 F.2d 1569, 1573, 224 USPQ 409, 411 (Fed.Cir.1984). To satisfy the "clearly erroneous" standard, Jackson must leave this court with a definite and firm conviction that the district court made a mistake. See United States v. United States Gypsum Co., 333 U.S. 364, 395, 76 USPQ 430, 443 (1948); SSIH Equip. S.A. v. United States Int'l Trade Comm'n, 718 F.2d 365, 381, 218 USPQ 678, 692 (Fed.Cir.1983).
 
 
 5
 We further find it necessary at this point to correct a basic misunderstanding underlying Jackson's attempt to improperly restrict the scope of the claims to Figure 11 of the '297 patent. Throughout its briefs and at oral argument, Jackson has contended that Figure 11 is "the invention" and is determinative of both the validity and infringement issues in this case. It is a truism that because the district court interpreted the scope of the claims as encompassing the embodiment of Figure 11, any prior art rendering that scope of the claims anticipated or obvious will invalidate the claims. However, that does not mean Figure 11 is the "invention." The claims "must be construed in the identical way for both infringement and validity." Kimberly-Clark Corp. v. Johnson & Johnson Co., 745 F.2d 1437, 1449, 223 USPQ 603, 610 (Fed.Cir.1984). Figure 11 is but one of several embodiments disclosed in the '297 patent and covered by the instant claims in which the lifting and lining means are placed in various positions along the frame of the machine. See Jackson Jordan, 747 F.2d at 1569, 224 USPQ at 2. All devices which fall within the scope of the claims infringe the claims, not just those identical to the species of Figure 11.
 
 
 6
 Turning now to Jackson's first argument, it asserts that Plasser's own U.S. Patent No. 3,196,803 ('803)[1] anticipates claim 1 under 35 U.S.C. Sec. 102. Anticipation requires, in a single prior art disclosure, the presence of all the elements of a claimed invention. Structural Rubber Prods. Co. v. Park Rubber Co., 749 F.2d 707, 715, 223 USPQ 1264, 1270 (Fed.Cir.1984); Kalman v. Kimberly-Clark Corp., 713 F.2d 760, 771, 218 USPQ 781, 789 (Fed.Cir.1983), cert. denied, 465 U.S. 1026 (1984). Claim 1 of the '297 patent sets forth a combined lifting, tamping, and lining machine. The district court found that the '803 patent discloses essentially a separate machine for lining which followed well behind the rear truck. The court further found that the '803 machine was precisely the type of machine that met with disfavor in the 1960's and spurred Plasser and others to develop a combined machine. Based on those findings, the court found that the '803 device did not anticipate claim 1. Jackson merely disputes those findings and draws our attention to the "striking similarity" between Figure 11 of the '297 patent, which, we agree, falls within the scope of claim 1, and the structure disclosed in the '803 patent. Per Jackson, "[t]he '803 patent ... clearly discloses a combined lifting, tamping and lining machine with the lining mechanism between axles of the machine." However, such arguments of counsel, which fail to demonstrate clear error in the district court's findings, are inadequate to sustain Jackson's burden on appeal.[2]
 
 
 7
 Jackson asserts that claims 1 and 2 of the '297 patent would have been obvious under 35 U.S.C. Sec. 103. In support of its argument Jackson repeatedly states as "facts" disputed matters specifically rejected by the trial court without even acknowledging that a contrary finding was made. We decline Jackson's invitation to review this case de novo. Absent a showing that the facts underlying the court's obviousness determination were clearly erroneous, Rule 52(a) mandates that they be accepted. On the legal issue we are unpersuaded by Jackson's mere conclusory assertion that one of ordinary skill in the art would have found it obvious to combine an AL-202-03 liner and a conventional tamper. The court disagreed in view of the inventor's awareness of such machines and his unsuccessful attempts to develop a combined machine before developing the machine embodied in the '297 patent. The court did not err in considering his unsuccessful efforts as strong evidence that the combination would not have been obvious to one skilled in the art. Moreover, although the court clearly recognized that the invention was made up of known elements, it concluded, like the Canron court, that the combination achieved an unusual, unexpected, new, and desirable combined tamper with rail reaction effect.
 
 
 8
 As concerns the district court's analysis of the objective evidence of nonobviousness, Jackson asserts that the court improperly relied upon the success of Plasser's commercial machine, the 06-16 device, when the "invention," as represented by Figure 11, was not commercially successful. Such argument illustrates Jackson's unwarranted preoccupation with the Figure 11 species which is but one of several embodiments covered by the claims. As this court has previously stated, "[t]he claims, not particular embodiments, must be the focus of the obviousness inquiry." Jackson Jordan, 747 F.2d at 1578, 224 USPQ at 9. The success of Plasser's commercial device, which employs single site lifting and lining means, falls squarely within the scope of the claims and, thus, can be relied upon to demonstrate commercial success. See Cable Elec. Prods., Inc. v. Genmark, Inc., 770 F.2d 1015, 1027, 226 USPQ 881, 888 (Fed.Cir.1985). In any event, the court considered this evidence together with evidence of long felt need, which was virtually unrebutted, and evidence of copying to support its conclusion. Again, Jackson fails to deal with the appellate standard of review. In sum, we are unpersuaded of error in the district court's legal conclusion of nonobviousness.
 
 
 9
 Jackson argues that Plasser failed to comply with the best mode requirement of 35 U.S.C. Sec. 112 because Plasser did not disclose the 06-32L machine in the '297 patent. The district court disagreed and was unable to find any clear and convincing evidence in the record to support the assertion that Theurer, a co-inventor of the '297 patent, had invented the 06-32L machine at the time he filed the '297 application. In the alternative, the court found that even if the 06-32L machine had been invented prior to the '297 filing date, it did not appear to be the best mode available at the time because it was designed for maintaining European railroad tracks and was unsuitable for use with tracks in the United States. Once again Jackson has failed to identify clear error in these findings, and we perceive none.
 
 
 10
 Jackson accused Plasser of engaging in inequitable conduct during the prosecution of Plasser's patent by failing to bring the AL-202-03 machine to the examiner's attention. In order to prove inequitable conduct, Jackson was required to establish, inter alia, by clear and convincing evidence, a threshold degree of materiality of the nondisclosed information. See J.P. Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 1559, 223 USPQ 1089, 1092 (Fed.Cir.1984), cert. denied, 106 S.Ct. 73 (1985). See also 37 C.F.R. Sec. 1.56(a) (duty of candor requires disclosure of only material information). In its earlier opinion, in connection with Jackson's antitrust claim, the district court held that Jackson had failed to show that Plasser's conduct before the PTO was fraudulent. Jackson Jordan, 219 USPQ at 936. The court based its conclusion on the finding that the AL-202-03 machine was not material prior art in relation to the claims in issue. Jackson's mere change of focus to a charge of inequitable conduct does not negate the district court's earlier finding of immateriality. This court affirmed that portion of the previous judgment, Jackson Jordan, 747 F.2d at 1580, 224 USPQ at 10, and we are unpersuaded that the matter should be reconsidered.
 
 
 11
 Finally, Jackson has failed to show that the district court's findings on the issue of infringement are clearly erroneous. Jackson incorrectly asserts that because it is the law of the case that the claims must read on the Figure 11 embodiment which uses separate means to lift and line the tracks, its accused devices, which employ single means for lifting and lining, cannot possibly infringe. Jackson's argument, however, is tainted by its failure to focus its infringement analysis on the specific claim language in issue rather than on a particular disclosed embodiment. See W.L. Gore & Assocs., Inc. v. Garlock, Inc., 721 F.2d 1540, 1557, 220 USPQ 303, 316 (Fed.Cir.1983), cert. denied, 469 U.S. 851 (1984). As the district court correctly recognized, any device falling within the scope of the claims as properly interpreted infringes the claims.
 
 
 12
 Jackson's reliance on the reverse doctrine of equivalents as a defense to infringement is unavailing. Per Jackson, the single site lifting and lining of its machines is not the equivalent of Plasser's patented machine which lifts and lines at different locations and times. However, that argument contradicts its own stipulation that the claims cover the Plasser 06-32L machine, a single site lifting and lining machine.
 
 
 13
 In sum, because Jackson has failed to show that any of the district court's findings were clearly erroneous, or that the court misapplied the relevant law, the judgment of the court that claims 1 and 2 of the '297 patent are valid [sic, not proved invalid], not unenforceable, and infringed is affirmed in all respects.
 
 
 
 [1]
 The '803 patent, issued to the same inventive entity as the '297 patent, technically is not prior art because it did not issue more than one year before the effective filing date of the '297 patent. However, the '803 patent has been used throughout this litigation because it is an English translation of corresponding Austrian and French patents that are prior art, and we will continue to use it for that purpose
 
 
 [2]
 Jackson further argues that the '803 machine does not use ballast jacks to line the track, but rather, employs the bridging principle for lining in accordance with claim 1. Although the district court made no specific finding on that point, it can be inferred from the court's reference to the Canron decision which explicitly found that the '803 device was a ballast anchor machine. 546 F.Supp at 602, 217 USPQ at 834. Such finding is supported by definitive language in the '803 specification